UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARIO BRATHWAITE,

                                                MEMORANDUM DECISION
                                                     AND ORDER
                    Petitioner,                    04-CV-2850 (GBD)(DF)

      -against-

JOANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

        Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner" or defendant") moves for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, seeking to affirm the Commissioner's decision that plaintiff Mario Braithwaite ("plaintiff") was not disabled and therefore ineligible for Supplemental Security Income. Plaintiff cross-moves pursuant to Rule 12(c) for remand of the Commissioner's decision. Plaintiff's motion is granted.

        On April 24, 2002, plaintiff filed for Supplemental Security Income under Title XVI, claiming that a disability resulting from HIV. Plaintiff claimed that stiffness in his right hip, as well as hip and toe pain on the right side, prevented him from walking for more than four blocks without pain. He further claimed that pain in his right hip prevented him from standing for more than 15 to 20 minutes. In plaintiff's estimation, he could lift up to 20 pounds. Plaintiff's claim was denied by the Commissioner upon the Social Security Administration's determination that plaintiff had the ability to perform work at a "medium" exertional level.

        In July 2002, plaintiff requested a hearing before an administrative law judge for review of the Social Security Administration's determination. On September 29, 2003, a hearing was

held before an administrative law judge. Plaintiff appeared *pro se* at the hearing and waived his right to representation. Plaintiff brought to the hearing a Physician's Report of Disability Due to Physical Impairment and a Medical Evaluation for HIV Disease, both of which were completed by Dr. Pankaj Doshi, a physician at Harlem Hospital, where plaintiff was treated on September 18, 2003. In the report, Dr. Doshi stated that plaintiff suffered from "fatigue and tiredness" and had significant limitations on sitting, standing and walking, as a result of arthritis and HIV. Specifically, Dr. Doshi affirmed that plaintiff could sit only for one hour at a time, for up to a total of four hours in an eight-hour work day.

The administrative law judge rejected Dr. Doshi's September 18th conclusions in arriving at his determination that plaintiff was not disabled. Instead, the administrative law credited the testimony of Dr. Charles M. Plotz, a physician who had not personally treated plaintiff, but had reviewed the medical record and heard plaintiff's testimony. In contrast to Dr. Doshi, Dr. Plotz concluded that plaintiff in fact had no restrictions on his ability to work. Although he disregarded Dr. Doshi's determinations, the administrative law judge nevertheless noted that if Dr. Doshi's opinion were credited, plaintiff would have "less than a sedentary residual functional capacity." Ultimately, the administrative law judge determined that plaintiff was not disabled under either medical-vocational Rule 202.16 (for light work) or 203.25 (for medium work) of the governing regulations at 20 C.F.R. Part 404, Subpart P, Appendix 2, and denied plaintiff's claim on that basis.

Plaintiff requested review by the Appeals Council, and after its consideration, the decision of the administrative law judge was affirmed on October 23, 2003. Plaintiff subsequently appealed the decision to this Court pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). This Court referred the matter to Magistrate Judge Debra Freeman for a Report and Recommendation. In her Report, Magistrate Judge Freeman recommended that this Court grant

plaintiff's cross-motion for remand due to lack of clarity in the administrative record as to whether the administrative law judge applied the correct legal standard, namely, whether the administrative law judge accorded "controlling," or at least significant weight, to the opinion of a "treating physician," under the "treating physician rule." 20 C.F.R. §416.927(d), (d)(2). Based on the administrative record, Magistrate Judge Freeman was unable to ascertain the extent of Dr. Doshi's treatment relationship with plaintiff, specifically whether Dr. Doshi should have been considered a "treating physician." The magistrate judge also found that the administrative record was unclear as to whether the administrative law judge considered the "treating physician rule" in his consideration of Dr. Doshi's report. He did not explore certain ambiguities in plaintiff's medical records as to who plaintiff's treating physician was during the relevant period of his treatment, nor did he ever inquire of plaintiff as to the extent of his treatment relationship with Dr. Doshi. Furthermore, he neither referred explicitly to Dr. Doshi as a treating physician; nor did he find expressly that Dr. Doshi was not a treating physician.

Finding the administrative record insufficient regarding the extent to which the administrative law judge applied the "treating physician rule," Magistrate Judge Freeman concluded her Report by recommending that this Court remand this matter to the administrative law judge with the following instructions: (1) to examine the actual extent of Dr. Pankaj Doshi's treatment relationship with plaintiff, so as to determine if Dr. Doshi is properly characterized as a "treating physician" and, if so, to take that fact into account when making findings as to the appropriate weight to accord Dr. Doshi's opinion; (2) if Dr. Doshi is found to be a treating physician, but his previously submitted opinion is found to be insufficiently detailed or supported, to contact Dr. Doshi to obtain supplemental information; and (3) if Dr. Doshi is found not to be a treating physician, to request the opinion of a treating physician or advise plaintiff to obtain such an opinion, in order to be able to assess properly the extent of plaintiff's

3

impairments.

In her Report, Magistrate Judge Freeman informed the parties of their right to submit objections to the Report and advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. Defendant filed timely objections to the Report. Defendant objected on the grounds that the administrative law judge properly weighed all evidence, including Dr. Plotz's testimony, in denying plaintiff's claim based on the determination that plaintiff was not disabled. Defendant contended that the administrative law judge properly considered Dr. Doshi a treating physician, and as such, there is no need to remand. Plaintiff filed a response to defendant's objections, urging this Court to adopt the Report's conclusions.

This Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations." Raddatz, 447 U.S. at 676. Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. Nelson, 618 F. Supp. at 1190; see also, Heisler v. Kralik, 981 F. Supp. 830, 840 (S.D.N.Y. 1997), aff'd sub nom, Heisler v. Rockland

4

County, 164 F.3d 618 (2d Cir. 1998).

Upon *de novo* review of the instant matter, this Court determines that the magistrate judge's findings are supported by the record. Defendant's objections are without merit. This Court adopts Magistrate Judge Freeman's Report in its entirety. To ensure a fair adjudication of plaintiff's claim, the administrative law judge should have given controlling or at least greater weight to the treating physician's opinion. He also had an affirmative duty to develop a complete administrative record, but failed to do so.

On remand, the administrative law judge must expressly determine whether Dr. Doshi was plaintiff's treating physician. If the administrative law judge concludes that Dr. Doshi is indeed plaintiff's treating physician, he must accord the proper weight to Dr. Doshi's opinion, consistent with 20 C.F.R. § 416.927(d), and provide good reasons for the weight assigned. If Dr. Doshi's opinion is found insufficient on remand, the administrative law judge should recontact Dr. Doshi for clarification or allow plaintiff to obtain more detailed supplementation from him. In the alternative, if upon further exploration Dr. Doshi is determined not to have been plaintiff's treating physician, then the administrative law judge should develop the record so as to obtain the opinion of a treating physician.

Plaintiff's cross-motion for remand is GRANTED and the case is remanded for further proceedings not inconsistent the Report and Recommendation.

Dated: June 26, 2008
New York, New York

SO ORDERED:

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge